IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Carlos Allen, ) | C/A No.: 1:25-756-JDA-SVH |
| Petitioner, ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| Captain Gallom, ) | |
| Respondent. ) | |

Carlos Allen ("Petitioner"), proceeding pro se, filed a petition pursuant to 28 U.S.C. § 2254 against Captain Gallom. Pursuant to 28 U.S.C. § 636(b)(1)(B)(c) and Local Civ. Rule 73.02(B)(2) (D.S.C.), the undersigned is authorized to review such petitions and submit findings and recommendations to the district judge. For the following reasons, the undersigned recommends the district judge dismiss the petition without prejudice and without requiring Respondent to answer.

I.   Factual and Procedural Background

Petitioner filed a petition on February 10, 2025. [ECF No. 1]. In the petition, he indicated he was confined at Aiken County Detention Center ("ACDC") after having pled guilty to two counts of second-degree assault and one count of third-degree assault and being sentenced on January 15, 2025 to "(3) year[s] suspended to (1) year balance on probation."[1] *Id.* at 1.

---

[1] The court takes judicial notice of the filings in Petitioner's state court cases.

Petitioner alleges "Fraud upon the Court" as the singular ground supporting the petition and states the following supporting facts:

> The Petitioner on 01/15/2025 signed an agreement for 3 years suspended to 1 year time credit 145 days remaining balance 3 years. However, this balance gives the petitioner 1 extra year which would be a violation to his 4th and 5th Amendment Right to U.S. Const of a fair trial and effective assistance of counsel.

*Id.* at 5. Construed liberally, Petitioner appears to argue his actual sentence conflicts with the plea agreement he signed.

Petitioner admits he did not exhaust state remedies as to this issue "[b]ecause it was [his] right to waive direct Appeal, Post Conviction Relief, and File a Writ of Habeas Corpus. This Being a Clear Error on the whole face of the Record that show the sentence is fraudulent." *Id.*

On February 20, 2025, the undersigned issued a proper form order informing Petitioner that the petition appeared to be subject to summary dismissal based on his failure to exhaust the remedies available in the state court. [ECF No. 1 at 1–2]. The order further advised Petitioner that he "may

---

*See Philips v. Pitt Cty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (explaining courts "may properly take judicial notice of matters of public record); *Colonial Penn Ins. Co. v. Coil*, 887 F.3d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'"). A review of the public record reflects Petitioner was sentenced on January 15, 2025, to a "Term of 3 Year[s]; [t]hat provided upon service 1 Year; Balance is suspended with 3 Year[s] Probation." *See* Aiken County Second Circuit Judicial Index, available at https://publicindex.sccourts.org/Aiken/ PublicIndex/PISearch.aspx (search by Last Name: Allen, First Name: Carlos, Case Nos. 2024A0210201352, 2024A0210201353, 2024A0210201355).

wish to dismiss the petition prior to the court's consideration" because "[i]f the court were to dismiss the petition for failure to exhaust state remedies, [his] ability to bring a second § 2254 petition following exhaustion of his state remedies would be restricted by the AEDPA's "'gatekeeping' provisions that establish . . . procedural and substantive standards governing 'second or successive' habeas petitions." *Id.* at 2 (citing *In re Minarik*, 166 F.3d 591, 595 (3d Cir. 1999); 28 U.S.C. § 2244. It indicated that if Petitioner "wishe[d] for the court to consider the petition notwithstanding the foregoing," he should either pay the $5 filing fee for a habeas corpus action or complete and return Form AO 240 by March 13, 2015. *Id.*

Petitioner filed no response to the proper form order. Out of an abundance of caution, the undersigned issued a second proper form order on March 18, 2025, providing similar instructions and directing Plaintiff to file a response by April 8, 2025, if he wished for the court to consider his petition. *See* ECF No. 7. On April 8, 2025, Petitioner filed Form AO 240, which the court construes as a motion to proceed in forma pauperis. [ECF No. 9]. He included the following representation on the form: "Released from SCDC 4/1/25."[2] *Id.* at 1.

---

[2] "The federal habeas corpus statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (emphasis in original) (quoting 28 U.S.C. § 2241(c)(3); 28 U.S.C. § 2254(a)). "[A] case is moot when the

II.   Discussion

    A.   Standard of Review

Under established local procedure in this judicial district, a careful review has been made of this petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court,[3] the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean the

---

issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *United States v. Hardy*, 545 F.3d 280, 283 (4th Cir. 2008) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). The undersigned has considered whether Petitioner's release from ACDC rendered his petition moot. However, because he is presumably now serving a term of probation, the undersigned declines to find it moot.

[3] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241. *See* Rule 1(b).

4

court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

    B.    Analysis

        1.    Failure to Exhaust State Remedies

Petitioner admits on the face of the complaint that he has not exhausted state remedies and maintains he had the right to immediately seek federal habeas corpus relief without pursuing a direct appeal or postconviction relief ("PCR") because his claim concerns a clear error on the face of the record. [ECF No. 1 at 5].

Federal law establishes this court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States[,]" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id.*

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

> (b)
>> (1)    An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—

    (A) the applicant has exhausted the remedies available in the courts of the State; or
    (B)
      (i) there is an absence of available State corrective process; or
      (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
  (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
  (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.

Before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). A person in custody in South Carolina may attack the validity of his conviction and sentence either: (1) through a direct appeal, or (2) by filing an application for PCR. Pursuant to state law requires, the person in custody must state all grounds for relief in the direct appeal or PCR application. Rule 203 SCACR; S.C. Code Ann. § 17-27-10, *et seq.*; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767 (S.C. 1976).

The United States Supreme Court has held that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). This requires the person in custody to fairly present to the state court "both the operative facts and the controlling legal principles" associated with each claim. *Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citing *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997) (internal quotation marks omitted)).

Generally, "a district court, at the pleadings stage, may not dismiss a claim based on the petitioner's failure to affirmatively show exhaustion," *Foster v. Warden of Tyer River Corr. Inst.*, C/A No. 17-945-TMC, 2018 WL 451720, at *1 (D.S.C. Jan. 17, 2018), as failure-to-exhaust serves as an affirmative defense that may be forfeited if not pled. However, this general rule is not without exception, as "a prisoner's complaint may be dismissed for non-exhaustion in the rare case where failure to exhaust is apparent from the face of the complaint." *Wilcox v. Brown*, 877 F.3d 161, 167 (4th Cir. 2017) (internal quotations omitted); *see also Custis v. Davis*, 851 F.3d 358, 361 (4th Cir. 2017) ("A court may sua sponte dismiss a complaint when the alleged facts in the complaint, taken as true, prove that the inmate failed to exhaust his administrative remedies."). "Cases filed in this District and Circuit on habeas grounds are routinely dismissed on initial review for failure to exhaust state

remedies where the failure-to-exhaust is clear from the face of the petition." *Owens v. Cohen*, C/A No. 4:20-2945-MBS-TER, 2020 WL 6065411, at *2 (D.S.C. Sept. 15, 2020), report and recommendation adopted by 2020 WL 6064544 (Oct. 14, 2020) (citing *Jones v. Williams*, No. 1:18-3320-JMC-SVH, 2019 WL 831120, at *2 (D.S.C. Jan. 8, 2019), report and recommendation adopted by 2019 WL 804785 (D.S.C. Feb. 21, 2019); *Jones v. Unknown*, C/A No. 7:06-601, 2006 WL 2995625, at *1 (W.D. Va. Oct. 17, 2006) (holding that petitioner's "failure to exhaust state remedies mandates summary dismissal of the petition, pursuant to Rule 4 of the Rules Governing § 2254 Cases").

Here, it is clear from the face of the petition that Petitioner has not exhausted his state remedies, as he asserts he is not required to pursue a direct appeal or PCR. However, Petitioner has not argued an absence of available state corrective process or that circumstances render such process ineffective to protect his rights. He may present his arguments that his sentence is inconsistent with his plea agreement and unconstitutional in state court proceedings. Thus far, Petitioner has not afforded the state its required opportunity to resolve any Constitutional issues. Therefore, the undersigned recommends the court dismiss the petition based on Petitioner's failure to exhaust state remedies.

### 2. The Court Should Not Reconstrue Petition as a § 1983 Complaint

Plaintiff's initial filing was construed as a petition for a writ of habeas corpus, as opposed to a complaint for violation of civil rights under 42 U.S.C. § 1983. Such construction of the petition is supported by Petitioner's having filed a "PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY," his having identified his then-current custodian as Respondent, and his request for "dismissal of all charges."[4]

Although Petitioner alleged violations of his Constitutional rights and additionally requested "monetar[y] compensation in the amount of 250k w/ punitive damages 100K," ECF No. 1 at 15, his action is primarily a challenge to his sentence, which sounds in habeas corpus, not § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 487–90 (1973) (an application seeking release from custody is an application for habeas corpus and is not an available remedy under the Civil Rights Act."). Moreover, "habeas corpus is the exclusive remedy for a . . . prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms" of § 1983. *Heck v. Humphrey*, 512 U.S. 4744, 481 (1984) (citing *Preiser* v, 411 U.S. at 487–90).

---

[4] Although Petitioner stated he was requesting "dismissal of all charges," he actually appears to be challenging his sentence.

9

Reclassifying a habeas case as a § 1983 case is disfavored "in large part because of the different filing fees ($5.00 for § 2254 versus $350 for § 1983) and the collateral consequences associated with filing multiple, frivolous civil rights law suits." *Hewlett*, 2020 WL 6136849, at *3 (citing 28 U.S.C. §§ 1914, 1915(b)(1), 1915(g)). Therefore, the undersigned recommends the court decline to recharacterize the petition as a complaint brought pursuant to 42 U.S.C. § 1983.

III.   Conclusion

In light of the foregoing, the undersigned recommends the court dismiss the petition without leave for further amendment and without requiring Respondent to file a return.

IT IS SO RECOMMENDED.

April 14, 2025                                         Shiva V. Hodges
Columbia, South Carolina                 United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).